## LAMBERTO LUCARELLI *v.* FREEDOM OF INFORMATION COMMISSION ET AL.
### (AC 33336)

Lavine, Beach and Dupont, Js.

Argued February 2—officially released May 29, 2012

*Lamberto Lucarelli*, pro se, the appellant (plaintiff).

*Tracie C. Brown*, principal attorney, for the appellee (named defendant).

*Opinion*

BEACH, J. The self-represented plaintiff, Lamberto Lucarelli, appeals from the judgment of the trial court dismissing his administrative appeal from the decision of the defendant freedom of information commission (commission) ordering the defendant Old Saybrook

police department (department)[1] to produce certain records. The plaintiff claims that the court erred in concluding that (1) the commission properly determined that the department was not required to transcribe or to tape voice mail messages pursuant to General Statutes § 1-213 (b) (3), (2) the commission's failure to rule on his request for subpoenas was not reversible error and (3) the commission properly declined to enforce the penalty provision of General Statutes § 1-240 (a). We affirm the judgment of the trial court.

The following facts, as found by the commission, and procedural history are relevant. In a letter dated June 29, 2009, the plaintiff requested from the department copies of four police reports, as well as "any and all other information regarding me or my affairs which may be in the possession of the [department] and which has not already been provided." On July 9, 2009, Michael A. Spera, the chief of police, met with the plaintiff and provided copies of the four incident reports requested by the plaintiff. In an effort to understand the plaintiff's request, Spera showed the plaintiff how the department's computer system worked and printed a list from the computer showing each instance since 1997 in which the plaintiff's name appeared in the department's records. Spera then gave the plaintiff a copy of the printout free of charge.

Following the July 9, 2009 meeting, the plaintiff reviewed the four incident reports and believed that the department still retained additional records responsive to his request that had not been provided to him. By letter dated July 14, 2009, the plaintiff described the records he believed the department to have withheld

---

[1] The police department of the town of Old Saybrook was named as a defendant at trial. On September 23, 2011, this court granted the police department's motion to be excused from participation in this appeal. We therefore refer in this opinion to the commission as the defendant.

from him. The letter consisted of forty-six numbered paragraphs in which the plaintiff asked questions regarding the existence of certain records. In a telephone conversation, Spera explained to the plaintiff that the department did not maintain the records that he was seeking.

By a letter of complaint filed July 31, 2009, the plaintiff appealed to the commission, alleging that the department had violated the Freedom of Information Act (act), General Statutes § 1-200 et seq., by failing to respond to his June 29, 2009 request. At an evidentiary hearing on November 10, 2009, the plaintiff testified that, by way of his June 29, 2009 letter, he sought not just the incident reports, but also all records related to the incident reports that might be kept in the case files associated with such incident reports. Spera testified at the hearing that he interpreted the June 29, 2009 request as a request for the police incident reports only and that he did not search for the related case files for additional records. The hearing officer found that there was a genuine misunderstanding as to the scope of the plaintiff's request. The hearing officer ordered the department to conduct an additional search for records in light of the plaintiff's testimony and further ordered that if such search revealed additional records responsive to the plaintiff's June 29 or July 14, 2009 requests, the department was to provide a copy of such records to the plaintiff and to the commission, along with an affidavit detailing the nature of the search, on or before December 4, 2009.

By letter dated December 4, 2009, the department provided the plaintiff and the commission with (1) an affidavit from Spera attesting that an additional search for records had been conducted and that all responsive records had been provided to the plaintiff, (2) a written response to each of the forty-six numbered requests made by the plaintiff in his July 14, 2009 letter and

(3) copies of additional records found in the search, specifically, the contents of case files corresponding to the four incident reports.

By letter dated December 23, 2009, the plaintiff objected to the department's December 4, 2009 letter. In the letter, the plaintiff observed that the records search was conducted by Spera, not by the individual police officers who created the reports at issue, and that the individual officers did not attest to the information contained in the reports. He argued further that the department had acted in bad faith because it failed to acknowledge a written statement by David Perrotti, a police officer with the department, in an incident report dated April 22, 2009, that Perrotti had "taped [the plaintiff's] voice mail message he had left for [him] on April 20, 2009," and failed to disclose such tape recording.

In its final decision dated April 14, 2010, the commission found that the department's additional search for records was a diligent, good faith effort to comply fully with the plaintiff's June 29 and July 9, 2009 letters. The commission further found that the department had provided the plaintiff with all the requested records, except for the copy of the tape recording of the plaintiff's voice mail message that had been created by Perrotti. The commission concluded that the department's failure to disclose to the plaintiff that voice mail message recording violated General Statutes §§ 1-210 (a) and 1-212 (a). The commission found, however, that the department's failure to disclose the record was not intentional. The commission further concluded that the department did not violate the act in failing to transcribe, to tape or to record voice mail messages that may have existed on the department's voice mail system. The commission ordered the department to provide the plaintiff with a copy of the tape recording created by Perrotti, free of charge, if such tape still existed and, in the alternative, if the department no

longer maintained that tape recording, to inform the plaintiff of such by letter. Additionally, the commission ordered the department to make a diligent search for tape recordings of any additional voice mail messages, to provide an affidavit to the plaintiff indicating the results of such search and to provide the plaintiff with a copy of any additional tape recordings it may find. The plaintiff filed a motion for reconsideration of the commission's decision, which was denied.

The plaintiff appealed to the Superior Court, alleging that the commission erred in (1) stating that the department did not have a statutory obligation to preserve voice mail communications, (2) not granting the plaintiff's request for subpoenas and (3) not assessing a penalty against the department in its order. The court rejected the plaintiff's arguments and dismissed the appeal. This appeal followed.

We first set forth our standard of review. "Our review of an agency's factual determination is constrained by General Statutes § 4-183 (j), which mandates that a court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record . . . . This limited standard of review dictates that, [w]ith regard to questions of fact, it is neither the function of the trial court nor of this court to retry the case or to substitute its judgment for that of the administrative agency. . . . An agency's factual determination must be sustained if it is reasonably supported by substantial evidence in the record taken as a whole. . . . With respect to questions of law, [w]e have said that [c]onclusions of law reached by the administrative agency must

stand if the court determines that they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts." (Citation omitted; internal quotation marks omitted.) *Board of Education* v. *Commission on Human Rights & Opportunities*, 266 Conn. 492, 503–504, 832 A.2d 660 (2003).

I

The plaintiff first claims that the court erred in concluding that the commission properly determined that an exception to the general rule requiring record retention, § 1-213 (b) (3), applied to the department's voice mail messages.[2] We disagree.

The commission concluded that the department did not violate the act in failing to transcribe, to tape or otherwise to record voice mail messages that may have existed on the department's voice mail system. The commission found, however, that the department violated §§ 1-210 (a) and 1-212 (a) by failing, albeit unintentionally, to disclose to the plaintiff the voice mail message recording created by Perrotti[3] and ordered the department to provide a copy of the tape if it still existed and to search for any additional tape recordings of voice mail messages.

The court rejected the plaintiff's argument that the department was required to transcribe voice mail messages and instead concluded that the commission did not err in its determination that the department did not violate the act in failing to transcribe, to tape or to

_____

[2] We have considered the plaintiff's argument that his constitutional rights under the ninth and fourteenth amendments to the United States constitution and article first, §§ 10 and 20, of the Connecticut constitution were violated by not requiring preservation of the voice mail messages, and we conclude that it has no merit.

[3] Apparently, Perrotti had listened to a voice mail message from the plaintiff, had used a tape recorder to create a tape recording of the message and had kept the tape recording in a file.

record voice mail messages that may have existed on the department's voice mail system. In making this determination, the court relied on the exemption in § 1-213 (b) (3) that provides that nothing in the act shall be deemed to require a public agency to transcribe the content of any voice mail message or to retain such record.

The plaintiff argues that the original voice mail messages that were temporarily recorded on the department's answering machine system were public records that should have been retained and destroyed only pursuant to an approved retention schedule. He further seems to argue that, at minimum, voice mail messages that may potentially be used as evidence in trials should be considered to be excepted from § 1-213 (b) (3). We do not agree.

Section 1-213 (b) provides in relevant part that "[n]othing in the Freedom of Information Act shall be deemed in any manner to . . . (3) [r]equire any public agency to transcribe the content of any voice mail message and retain such record for any period of time. As used in this subdivision, 'voice mail' means all information transmitted by voice for the sole purpose of its electronic receipt, storage and playback by a public agency." Spera testified at the November 10, 2009 hearing that voice mail messages left on the department's answering system were not subsequently recorded, retained or transcribed. According to the plain language of the statute, these messages left on the department's answering machine system constitute "voice mail message[s]," and the department was not required to transcribe or to retain any type of voice mail message. The statute clearly and unequivocally authorizes the defendant's position.

To the extent that the department recorded and retained the voice mail messages left on its answering

machine system, the commission ordered the department to give the plaintiff copies of such messages because the subsequent recordings became public records subject to disclosure. It specifically determined that the plaintiff was entitled to a voice mail message that had been tape recorded by Perrotti and ordered the department to provide the plaintiff with a copy of that message and to make a diligent search for tape recordings of any additional voice mail messages. See General Statutes § 1-210 (a) ("[e]xcept as otherwise provided by any federal law or state statute, all records maintained or kept on file by any public agency, whether or not such records are required by any law or by any rule or regulation, shall be public records").

## II

The plaintiff next claims that the court improperly rejected his challenge to the commission's failure to rule on his request for subpoenas.[4] We disagree.

The following additional undisputed facts are relevant to this claim. A show cause hearing regarding the plaintiff's first letter of complaint was scheduled for November 10, 2009. Prior to the hearing, the plaintiff requested that the commission subpoena anyone in the department who may have been involved in responding to his request under the act, specifically, Spera, Officers Christopher DeMarco and Perrotti, Detective Kevin Roche, Ms. Klingerman and Adam Laverty. He also requested that the commission issue a subpoena duces tecum for the department to bring to the hearing "all information whatsoever regarding" him, including "all

---

[4] We have considered the plaintiff's arguments that it is a "fundamental right" to have administrative agencies grant subpoenas and that the failure of the commission to grant his requests for subpoenas violated his constitutional rights to due process or equal protection. We conclude that the arguments are without merit. We further conclude that, contrary to the plaintiff's argument, *Fromer* v. *Freedom of Information Commission*, 90 Conn. App. 101, 110, 875 A.2d 590 (2005), is not applicable to the present case.

possible audio recordings that may pertain to this . . . matter." The commission took no action regarding this request.[5]

The court rejected the plaintiff's claim regarding the commission's failure to rule on subpoenas. The court determined that the plaintiff had stated that his purpose in seeking subpoenas was to probe each individual regarding his or her retention of audio recordings. Although the court mentioned that in order to prevail, the plaintiff must show that the commission abused its discretion in denying the request and that the denial prejudiced the plaintiff, the court expressly stated only that the failure of the hearing officer to honor the plaintiff's request for subpoenas was not prejudicial.

Our statutes and agency regulations confer discretionary authority to the commission to issue subpoenas. General Statutes § 4-177b provides in relevant part that "[i]n a contested case, the presiding officer *may* . . . subpoena witnesses and require the production of records, physical evidence, papers and documents to any hearing held in the case. . . ." (Emphasis added.) Section 1-21j-36 (b) of the Regulations of Connecticut State Agencies similarly provides in relevant part that "[a]t any hearing, the commission or the presiding officer *may* subpoena witnesses and require the production of records, documents and other evidence pertinent to such inquiry. Any party may request that such process be issued. . . ." (Emphasis added.); see also 2 Am. Jur. 2d, Administrative Law § 337 (2004) ("Reasonable limitations may be placed on the number and scope of witnesses that may be compelled to testify at an administrative hearing. Procedural due process does not require that parties to a hearing must be provided with

[5] We treat the lack of a ruling, for purposes of this discussion, as a denial of the request for subpoenas. We by no means encourage rulings through inaction.

an absolute or independent right to subpoena witnesses.").

Our rules of practice confer on courts discretionary authority to issue subpoenas on behalf of self-represented parties. Practice Book § 7-19 provides: "Self-represented litigants seeking to compel the attendance of necessary witnesses in connection with the hearing of any civil matter, including matters scheduled on short calendar or special proceeding lists or for trial, shall file an application to have the clerk of the court issue subpoenas for that purpose. The clerk, after verifying the scheduling of the short calendar hearing, special proceeding or trial, shall present the application to the judge before whom the matter is scheduled for hearing, or the administrative judge or any judge designated by the administrative judge if the matter has not been scheduled before a specific judge, which judge shall conduct an ex parte review of the application and may direct or deny the issuance of subpoenas as such judge deems warranted under the circumstances, keeping in mind the nature of the scheduled hearing and future opportunities for examination of witnesses, as may be appropriate."

We similarly recognize the discretion accorded administrative agencies. "[A]dministrative tribunals are not strictly bound by the rules of evidence . . . . Thus, on appeal, [t]he plaintiff bears the burden of demonstrating that a hearing officer's evidentiary ruling is arbitrary, illegal or an abuse of discretion." (Citation omitted; internal quotation marks omitted.) *United Technologies Corp.* v. *Commission on Human Rights & Opportunities*, 72 Conn. App. 212, 228–29, 804 A.2d 1033, cert. denied, 262 Conn. 920, 812 A.2d 863 (2002); see also General Statutes § 4-183 (j) (agency's decision shall be affirmed unless appellant's substantial rights are prejudiced by agency's abuse of discretion). "[N]ot all procedural irregularities require a reviewing court

to set aside an administrative decision; material prejudice to the complaining party must be shown." (Internal quotation marks omitted.) *Goldstar Medical Services, Inc.* v. *Dept. of Social Services,* 288 Conn. 790, 828, 955 A.2d 15 (2008).

The plaintiff has not demonstrated that the commission abused its discretion in failing to rule on his request for subpoenas or that the failure so to rule caused him material prejudice. Section 1-21j-36 (b) of the Regulations of Connecticut State Agencies gives the commission broad discretion in deciding whether to grant subpoenas. The plaintiff requested that the commission issue subpoenas for department personnel who "may have" carried out the searches and also requested that the commission subpoena from the department "all information whatsoever" regarding him. The plaintiff's stated purpose in seeking subpoenas was to probe each individual regarding his or her retention of audio recordings. At the November 10, 2009 hearing, Spera testified as to the efforts made by the department to ensure compliance with the plaintiff's request. Under § 1-21j-35 (c) of the Regulations of Connecticut State Agencies, the presiding officer may limit the number of witnesses to avoid unnecessary cumulative evidence.

The plaintiff has not shown material prejudice. The plaintiff prevailed at the November 10, 2009 hearing, and the hearing officer ordered the department to conduct an additional search for records. The commission later determined that the additional search conducted by the department was diligent but ordered the department to provide the plaintiff with a copy of the voice mail recording created by Perrotti if it still existed and to make a diligent search for additional tape recordings of any voice mail messages. Accordingly, we do not conclude that the hearing officer's failure to rule on the subpoenas either constituted an abuse of discretion or substantially prejudiced the plaintiff.

## III

The plaintiff last claims that the court erred in concluding that the commission had not erroneously failed to enforce the penalty provision of § 1-240 (a)[6] in its order. He essentially argues that the commission should have found the department guilty of violating § 1-240 (a) for deleting his voice mail messages.[7] The conduct found by the commission is far removed from that proscribed by § 1-240 (a), and, in any event, the commission does not exercise criminal jurisdiction.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[6] General Statutes § 1-240 (a) provides: "Any person who wilfully, knowingly and with intent to do so, destroys, mutilates or otherwise disposes of any public record without the approval required under section 1-18 or unless pursuant to chapter 47 or 871, or who alters any public record, shall be guilty of a class A misdemeanor and each such occurrence shall constitute a separate offense."

[7] We have considered the plaintiff's argument that, by failing to apply § 1-240 (a), the commission violated the plaintiff's constitutional rights under the ninth and fourteenth amendments to the United States constitution and article first, §§ 10 and 20, of the constitution of Connecticut, and we conclude that it is without merit.